UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

       Case No. 05-CR-80487
       HON. GEORGE CARAM STEEH

LOUIS PARR
a/k/a RICTO HAGWOOD,

       Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY OR IN THE ALTERNATIVE TO DISMISS INDICTMENT (# 22)

Defendant Louis Parr moves for disclosure of documents relating to the "Project Safe Neighborhoods Program" (PSNP) for the purpose of determining whether his charged offense of being a felon in possession of a firearm[1] on December 10, 2004 is a result of selective prosecution. In the alternative, defendant moves for dismissal of the charge due to selective prosecution should the government refuse to disclose the requested information. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Defendant asserts that his criminal charge of being a felon in possession of a firearm originated in state court, and was transferred to federal court pursuant to the PSNP. Defendant maintains that statistics generated by the Detroit Federal Defenders' Office show

---

[1] See 18 U.S.C. § 922(g)(1).

that approximately 90% of criminal defendants prosecuted under the PSNP are African-Americans, and seeks discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) necessary to demonstrate selective prosecution. Defendant cites United States v. Jones, 159 F.3d 969, 977-78 (6th Cir. 1998) for the proposition that he is not required to demonstrate both discriminatory effect and intent to show he is entitled to discovery.

The Sixth Circuit held in Jones that "to prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory purpose." Id. at 976 (citing United States v. Armstrong, 517 U.S. 456, 465 (1996)). Discriminatory intent based on race requires proof that the prosecutorial policy was motivated by racial animus, while discriminatory effect requires proof that similarly situated individuals of a different race were not similarly prosecuted. Id. at 977 (citing Armstrong, 517 U.S. at 465). The Jones defendant was found to be entitled to discovery on a claim of selective prosecution after coming forward with evidence establishing a prima facie case of discriminatory intent, and "some evidence 'tending to show the existence of discriminatory effect.'" Id. at 977-78 (quoting 517 U.S. at 465).

Here, even assuming that the statistic cited by defendant constitutes "some evidence" of discriminatory effect, defendant has not proffered requisite evidence of discriminatory intent, that is, that his federal prosecution was motivated by racial animus. Of itself, the Federal Defenders' statistic that approximately 90% of criminal defendants prosecuted under the PSNP are African-Americans falls well short of establishing defendant's right to discovery. Jones, 159 F.3d at 977-78. This court is not alone in its analysis. See United States v. Wallace, 389 F.Supp.2d 799 (E.D. Mich. May 24, 2005) (J. Rosen) (denying motion for discovery on issue of selective prosecution under PSNP

premised solely on Detroit Federal Defender statistic that 55 of 61 federal firearms cases that originated in state court involved African-American defendants).  As in Wallace, defendant Parr has produced no evidence that any non-African-American individual charged with a firearms offense was known to federal authorities but not referred for federal prosecution, or that the decision to charge defendant with a federal crime was motivated by racial animus.  Wallace, 389 F.Supp.2d at 803-04.  Defendant's argument that he is not required to show discriminatory effect and intent is simply inaccurate.  Jones, 159 F.3d at 977-78; Wallace, 389 F.Supp.2d at 802.   Absent a showing that he is entitled to discovery on the issue of selective prosecution, it follows that defendant is not entitled to dismissal of the indictment.  Accordingly,

Defendant's motion for discovery or dismissal of the indictment is hereby DENIED.
SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 18, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

3